UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MARIE D. ROBINS, EXECUTRIX OF THE
ESTATE OF EDWARD J. GEISEL, AND ON
BEHALF OF MARIE D. ROBBINS, KEITH T.
GEISEL, EDWARD K. GEISEL, STACY P.
GEISEL, COLETTE L. GEISEL, and
MATTHEW J. GEISEL,

   Plaintiffs,

   v.

ANGELA SCHWEIGER GEISEL, MERRILL
LYNCH & CO., INC., AND MERRILL LYNCH,
PIERCE, FENNER & SMITH, INC., BANK OF
AMERICA, BANK OF AMERICA MERRILL
LYNCH and E. I. DU PONT DE NEMOURS
& COMPANY,

   Defendants.

Civil Action No. 09-03455 (JAP)

**OPINION**

PISANO, District Judge.

  Plaintiffs, the executrix of the estate of Edward J. Geisel and Geisel's six children, have brought this action against Angela Schweiger Geisel, E.I. du Pont de Nemours & Company ("DuPont"), Merrill Lynch & Co., Merrill Lynch, Pierce, Fenner & Smith (improperly pleaded as Bank of America Merrill Lynch) and Bank of America to recover the funds of the deceased Edward Geisel's DuPont Savings and Investment Plan Account ("DuPont Account"). Plaintiffs' base their claim on breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, conversion and misappropriation of funds, and violations of the Employee Retirement Income Security Act of 1974 ("ERISA")[1]. In addition to full recovery of the funds, Plaintiffs' initially seek injunctive relief and a pre-judgment writ of attachment to preserve the

---

[1] Plaintiffs do not expressly allege any violations of ERISA in their complaint. However, as to the Moving Defendants, Plaintiffs conceded in their motion and oral argument that an ERISA claim is their only claim. This is further supported by their Proposed Amended Complaint.

1

DuPont Account. This Court has original jurisdiction to hear this dispute pursuant to 28 U.S.C. § 1331 because the DuPont Account is governed by ERISA. Additionally, this Court has supplemental jurisdiction over state law claims based pursuant to 28 U.S.C. § 1367 because such claims form part of the same case or controversy.

Presently before the Court is Defendants E.I. du Pont de Nemours & Company, Merrill Lynch & Co., Merrill Lynch, Pierce, Fenner & Smith and Bank of America ("Moving Defendants") motion to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6). Additionally, before this Court is Plaintiffs' motion for a preliminary injunction and cross-motion to amend their complaint. For the reasons set forth herein, the Court grants Moving Defendants' motion to dismiss, denies Plaintiffs' motion for a preliminary injunction, and grants the Plaintiffs' motion to amend their complaint as to Defendant Angela Geisel.

### I.     Background

Edward Geisel was employed by DuPont and participated in their retirement plan through the DuPont Account plan.[2] Compl. ¶¶ 11, 16-17. Merrill Lynch managed and serviced the DuPont Account. *Id*. ¶ 17. The DuPont Account requires participants to sign a validly executed spousal waiver in order for funds to be distributed to a designated beneficiary. *Id*. ¶ 20. Specifically, the plan states that

> [a] Participant . . . may designate any beneficiary or beneficiaries he chooses to receive all or part of his vested interest in his Account in case of his death, and he may replace or revoke such designations. However, in the event the Participant . . . has a spouse, no designations of a person other than the spouse shall be permitted, unless such spouse has consented in writing in the manner prescribed by the Company.

DuPont Saving and Investment Plan as attached as Ex. 1 to the Certification of Mary Dineen.

---

[2] It is undisputed that the DuPont Account plan is governed by ERISA. In fact, the Supreme Court has held in a previous case that the DuPont Account plan is a qualified retirement plan under ERISA. *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan,* 129 S. Ct. 865, 868 (2009).

2

In 1985,[3] Edward retired from DuPont.  Certification of Jennifer L. Sova, Ex. A.  On August 26, 1997, Edward Geisel's first wife Marie Geisel died.  Compl. ¶ 6.  Edward and Marie had six children together: Marie, Keith, Edward, Stacy, Colette, and Matthew.  *Id*.  Following the death of his wife, on December 29, 1997, Edward formally designated his six children as beneficiaries of his DuPont Account.  *Id*. ¶ 18 & Ex. D.  Subsequently, Edward married Defendant Angela Schweiger Geisel.  *Id*. ¶ 6.  Prior to their marriage, on May 18, 2001, Edward and Angela executed a prenuptial agreement.  *Id*. ¶ 7.  In the agreement, Angela waived any rights in Edward's separate property, including the proceeds of his DuPont Account.  *Id*. ¶¶ 7-14.  Angela, however, never signed and delivered a formal waiver abdicating her rights in the DuPont Account prior to Edward's death.  *Id*. ¶ 21.  On March 3, 2006, Edward Geisel died while still married to Angela.  *Id*. ¶ 16.  At the time of his death, Edward's DuPont Account was worth approximately $288,307.36.  *Id*. ¶ 17.   After requests for the proceeds, Merrill Lynch and DuPont refused to release the funds to Edward's six children without a valid spousal waiver form.  *Id*. ¶ 21.

On July 6, 2009, Plaintiffs filed an action against the Defendants in the Superior Court of New Jersey, Chancery Division.  *Id*.  On July 13, 2009, Defendants removed the action to the United States District Court of New Jersey pursuant to 28 U.S.C. §§ 1441 and 1446.  Notice of Removal, ¶¶ 4 & 7.  In their complaint, Plaintiffs allege claims against Defendants for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, conversion and misappropriation of funds, and violations of  ERISA.[4]  Compl. ¶¶ 36-58.  Plaintiffs' initially

---

[3] Plaintiffs dispute the year of Edward's retirement in their Opposition to the Motion to Dismiss.  After being supplied proper evidence in the Reply to the Opposition for the Motion to Dismiss, Plaintiffs conceded during oral argument that Edward retired in 1985.

[4] The Court notes that the contractual and equitable claims are against Defendant Angela as it relates to her prenuptial agreement.  Importantly, as to Moving Defendants, the only claim alleged is the misapplication of ERISA.

3

seek a preliminary injunction and pre-judgment writ of attachment on the DuPont Account, and ultimately argue for an order requiring Defendants to release the funds to the Plaintiffs.

## II. Discussion

### a. Motion to Dismiss Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  Refashioning the appropriate standard, the United States Supreme Court found that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotation marks omitted)).  Therefore, for a complaint to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ."  *Twombly*, 127 S. Ct. at 1965 (internal citations and footnote omitted).

### b. Legal Analysis

The issue presented is whether a prenuptial agreement constitutes a valid waiver of funds under an ERISA retirement plan.  ERISA was established in order to protect interstate commerce and the interest of participants and beneficiaries of employee benefit plans by "requiring

disclosure and reporting . . . of financial information . . . , establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." Employee Retirement Income Security Act of 1974, Pub. L. 93-406, 88 Stat. 829, 833 (1974).  In order to accomplish these objectives, ERISA's preemption of state laws is broad.  ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title."  29 U.S.C. § 1144(a).  It has been established that a state law "relates" to an ERISA plan "if it has a connection with or reference to such a plan."  *Egelhoff v. Egelhoff*, 532 U.S. 141, 147 (2001) (citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983)).  Hence, courts have made it clear that ERISA preempts any state law that relates to an employee benefit plan.  *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 274 (3d Cir. 2007).

ERISA requires administrators to manage plans "in accordance with the documents and instruments governing the plan."  29 U.S.C. § 1104(a)(1)(D).  Additionally, under ERISA, a surviving spouse has a statutory right to their deceased spouse's employee benefit account unless such an interest is waived by the surviving spouse.  29 U.S.C. § 1055(a), (b)(1), (c)(2).  A valid waiver of a participant's employee benefits requires (1) the spouse of the participant to consent in writing, (2) the participant to designate a beneficiary which may not be changed without the other spouse's consent, and (3) the spouse of the participant's consent to recognize the new beneficiary and be witnessed by a plan representative or notary public.  29 U.S.C. § 1055(c)(2)(A).

Courts have consistently held that prenuptial agreements are not valid spousal waivers within the meaning of 29 U.S.C. 1055(c).  *See Greenebaum Doll & McDonald PLLC v. Sandler*, 256 Fed. Appx. 765, 767 (6th Cir. 2007) ("There is little support for the notion that a prenuptial

agreement by itself can satisfy ERISA's spousal-consent requirement."); *Hagwood v. Newton*, 282 F.3d 285, 291 (4th Cir. 2002) ("In reaching our conclusion that premarital agreements generally cannot fulfill the requirements of 29 U.S.C. § 1055(c), we join the unanimous view of other federal courts that have considered the question."); *Nat'l Auto. Dealers & Assoc. Retirement Trust v. Arbeitman*, 89 F.3d 496, 502 (8th Cir. 1996) (holding that an agreement "signed before the marriage failed to satisfy the waiver requirements of ERISA"); *Hurwitz v. Sher*, 982 F.2d 778, 782 (2d Cir. 1992) (holding that premarital agreements "do not constitute effective waivers under ERISA"); *Ford Motor Co. v. Ross*, 129 F. Supp. 2d 1070, 1073-74 (E.D. Mich. 2001) (holding that a "premarital agreement cannot be used to circumvent ERISA's spousal waiver requirements"). In fact, courts have even recognized the possible harsh, inequitable results of not permitting prenuptial agreements to act as waivers, but have noted that "the law is filled with formalities required to ensure a clear record of a party's intent in particular types of transactions." *Hagwood*, 282 F.3d at 291.

    Here, Defendant Angela Geisel's execution of a prenuptial agreement did not act as a waiver of her statutory right to funds in her deceased husband's DuPont Account. First, Angela did not execute a valid waiver with the required formalities of the DuPont plan. Compl. ¶¶ 20-21. Second, Angela's prenuptial agreement failed to effectively waive her right under 29 U.S.C. § 1055(c)(A)(ii). Specifically, the prenuptial agreement neglected to designate a beneficiary which could only be changed with spousal consent and contained no acknowledgment by Angela of the effect of waiver of her rights. Further, Angela executed the document before her marriage prior to the vesting of statutory rights under ERISA. Without an effective waiver, DuPont and Merrill are required to distribute the funds in accordance with the plan and provisions of ERISA.

Thus, because prenuptial agreements do not qualify as waivers under ERISA, Plaintiffs have failed to state a claim for which relief can be granted and the Moving Defendants' motion to dismiss must be granted.  With the dismissal of the claim, the Moving Defendants must distribute Edward Geisel's DuPont Account to his wife Defendant Angela Geisel pursuant to ERISA and the terms of the DuPont Account plan.

At this time, the Plaintiffs' motion for a preliminary injunction is dismissed as moot.  The Court, however, recognizes the possibility of contractual and equitable claims against the only remaining defendant Angela Geisel.  Hence, the Court orders that the entirety of the funds in Edward Geisel's DuPont Account be deposited with the Court's registry until there is a final resolution between the Plaintiffs and Angela Geisel.  Additionally, as the issues are not yet ripe as to Angela Geisel because she has not been served, the Court grants Plaintiffs' motion to amend their complaint as to Defendant Angela Geisel only.  Plaintiffs must timely serve Angela Geisel in order for the Court to bring a final resolution as to the proper owner of the DuPont Account.  Further, Plaintiffs are ordered to advise Angela as to the deposit of funds with the Court.

### III.    Conclusion

For the reasons set forth above, the Moving Defendants' motion to dismiss is granted.  Plaintiffs' motion for a preliminary injunction is denied and their cross-motion to amend their complaint is granted only as to Defendant Angela Geisel.   An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO  
United States District Judge

Date: October 13, 2009